Melvin K. Silverman, Esq.
M. K. Silverman & Associates, P.C.
One Gateway Center
Suite 2600
Newark, NJ 07102
Phone: 973-508-5033
Facsimile: 888 545-6365
E-mail: mks@mkspc.com

**Attorney for Plaintiff IRREVOCABLE TRUST OF
ANTHONY J. ANTONIOUS**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRREVOCABLE TRUST OF<br>ANTHONY J. ANTONIOUS,<br><br>Plaintiff,<br><br>v.<br><br>NIKE, INC.,<br><br>Defendant. | Case No.  2:11-cv-06327-KM-MAH<br><br>**Judge Kevin McNulty**<br>**Magistrate Judge Michael A. Hammer** |

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT
## PURSUANT TO L. PAT. R. 4.3

Pursuant to Local Patent Rule 4.3 and this Court's Scheduling Order, the

Irrevocable Trust of Anthony J. Antonious ("Plaintiff") and NIKE, Inc. ("Defendant")

(collectively, "Parties") hereby submit their Joint Claim Construction and Prehearing

Statement regarding U.S. Patent No. 5,735,754 ("the '754 Patent").

I.     **L. PAT. R. 4.3(a) – CONSTRUCTION OF CLAIM TERMS UPON WHICH THE PARTIES AGREE**

L. Pat. R. 4.3(a) requires parties to identify the constructions of those terms on which the parties agree.  The Plaintiff and Defendant agree on the construction of several '754 Patent claim terms and phrases which they therefore believe need not be construed by the Court.  The constructions of those terms on which the Parties agree are set forth in Exhibit A attached hereto.

II.     **L. PAT. R. 4.3(b) – CONSTRUCTION OF DISPUTED CLAIM TERMS WITH SUPPORTING INTRINSIC AND EXTRINSIC EVIDENCE**

Exhibit B, attached hereto, sets forth (i) the claim terms which remain in dispute; (ii) Plaintiff's proposed construction for each term or phrase upon which the parties disagree; (iii) the Defendant's proposed construction for each term or phrase upon which the parties disagree; and (iv) the identification of intrinsic and/or extrinsic evidence supporting and/or opposing each proposed construction of the disputed terms of each party.

III.     **L. PAT. R. 4.3(c) – IDENTIFICATION OF SIGNIFICANT OR DISPOSITIVE CLAIM TERMS**

**A. Plaintiff's Position**

Plaintiff believes that the construction of some terms is more significant than others.  In Plaintiff's view, the most significant terms to be construed are:

- substantially parallel with;
- C-shaped slot;
- wall separating said skid surface from said bottom surface;
- offset from;

2

Since two independent claims are asserted against two structurally different lines of clubs and Nike's DYMO club itself includes product sub-lines having structurally different aspects, Plaintiff does not view the construction of any particular claim term or phrase to be case dispositive.

In Plaintiff's view, since asserted Claim 1 contains fewer disputed terms than does Claim 9, those terms, if construed favorably to Plaintiff, should be substantially conductive to promoting settlement. Those terms are "substantially parallel with," "c-shaped slot," "skid surface," and the "wall" between the "skid surface," and "bottom surface."

### B. Defendant's Position

Pursuant to L. Pat. R. 4.3(c), Defendant identifies the following terms whose construction will be most significant to the resolution of the case, and whose construction will be case or claim dispositive:

- substantially parallel with

- c-shaped slot

- skid surface

- wall separating said skid surface from said bottom surface

- offset from

## IV.   L. PAT. R. 4.3(d) – ANTICIPATED LENGTH OF TIME NECESSARY FOR THE CLAIM CONSTRUCTION HEARING

### A. Plaintiff's Position

Plaintiff currently anticipates that it will need approximately 6 hours for its case-in-chief in the Claim Construction Hearing, and 2 hours in rebuttal of Defendant's

position. After the claim construction briefing has been completed, the Plaintiff will be better able to inform the Court as to the amount of time needed by it for the Hearing.

### B. Defendant's Position

Pursuant to L. Pat. R. 4.3(d), Defendant anticipates the Claim Construction Hearing can be completed in approximately 4 hours.

## V.   L. PAT. R. 4.3(e) – IDENTIFICATION OF WITNESSES FOR CLAIM CONSTRUCTION HEARING

Pursuant to L. Pat. R. 4.3(e), neither party intends to call a witness at the Claim Construction Hearing. However, Defendant may rely on a declaration of Clayton Long regarding the level of ordinary skill in the art, consistent with Defendant's L. Pat. R. 4.2 disclosures.

Dated: September 19, 2012            Respectfully submitted,

_____
Melvin K. Silverman (mks@mkspc.com)
M. K. Silverman & Associates, P.C.
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 508-5033
Facsimile: (888) 889-5866

Sepehr Daghighian (sepehr@daghighian.com)
Law Offices of Sepehr Daghighian
433 North Camden Drive, Suite 400
Beverly Hills, CA 90210
Telephone: (310) 887-1333
Facsimile: (310) 887-1334

*Attorneys for Plaintiff*

s/*Arnold B. Calmann*
Arnold B. Calmann (abc@saiber.com)
Katherine A. Escanlar (kae@saiber.com)
SAIBER LLC
One Gateway Center, 10th Floor
Newark, NJ 07102-5311

4

Telephone: (973) 622-3333
Facsimile: (973) 286-2465

Christopher J. Renk
(crenk@bannerwitcoff.com)
Erik S. Maurer (emaurer@bannerwitcoff.com)
Michael J. Harris
(mharris@bannerwitcoff.com)
Victoria R.M. Webb
(vwebb@bannerwitcoff.com)
BANNER & WITCOFF, LTD.
10 S. Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

*Attorneys for Defendant*

THE IRREVOCABLE TRUST OF
ANTHONY J. ANTONIOUS

By: s/ Melvin K. Silverman
    Melvin K. Silverman
    New Jersey Bar No. 236011970
    One of Plaintiff's Attorneys
    M. K. SILVERMAN &
    ASSOCIATES., P.C.
    One Gateway Center
    Suite 2600
    Newark, NJ 07102
    PH: 973.508.5033
    FX: 888.545.6365
    Email: mks@mkspc.com

Attachment:

Exhibit A:  Constructions of Agreed Upon Claim Terms

Exhibit B:  Constructions of Disputed Claim Terms

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this **JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT PURSUANT TO L. PAT. R. 4.3** was served, via E-mail, this <u>20</u> day of September, 2012 to:

| | |
|---|---|
| Arnold B. Coleman, Esq., | (abc@saiber.com) |
| Christopher Renk, Esq. | (crenk@bannerwitcoff.com) |
| Erik S. Maurer, Esq., | (emaurer@bannerwitcoff.com) |
| Jacqueline Tadros, Esq. | (jtadros@intellectualproperty.now.com |
| Katherine A. Escanlar, Esq., | (kae@saiber.com) |
| Michael J. Harris, Esq., | (mharris@bannerwitcoff.com) |
| Sepehr Daghighian, Esq., | (sepehr@daghighian.com) |
| Victoria R. Webb, Esq., | (vwebb@bannerwitcoff.com) |

# EXHIBIT A

# Constructions of Agreed Upon Claim Terms Pursuant to L. Pat. R. 4.3(a)

## EXHIBIT A
## CONSTRUCTIONS OF AGREED UPON CLAIM TERMS
## PURSUANT TO L. PAT. R. 4.3(a)

| Claim No. | Claim Term | Claim Construction Upon Which Parties Concur |
|---|---|---|
| 1, 9 | rear surface | *rear surface* means the back surface or wall of the golf club head opposite the hitting surface of the head |
| 1, 9 | ball striking face | *ball striking face* means the hitting surface of the club head |
| 1, 9 | bottom surface | *bottom surface* means the sole, or the bottom, of a golf club head that would normally touch the ground, but separate from and from which a skid surface, if any, extends, not including the side walls or skirt of the golf club head |
| 1, 9 | aerodynamic golf club head | *aerodynamic golf club head* means an aerodynamically efficient golf club head which minimizes turbulence, reduces drag, and increases laminar flow around the club head when swung |
| 1, 9 | aerodynamic configuration | *aerodynamic configuration* means an aerodynamically efficient configuration which minimizes turbulence, reduces drag, and increases laminar flow around the club head when swung |
| 1, 9 | on | *on* means located only on the bottom surface/sole of the golf club head, and not extending to the side walls or skirt of the club head |
| 1, 9 | adjacent said rear surface | *adjacent said rear surface* means on the bottom surface of the club adjacent the rear wall of the club head at the rear of the club head |
| 1, 9 | having an open end facing forwardly toward said ball striking face | *having an open end facing forwardly toward said ball striking face* means an end of the c-shaped slot directed toward the hitting surface |
| 1 | formed on and raised from | *formed on and raised from* means attached to but in a separate plane from the bottom surface |
| 1 | transecting | *transecting* means cutting through |
| 1 | a virtual centerline passing through said ball striking face and said rear surface of said club head | *a virtual centerline passing through said ball striking face and said rear surface of said club head* means an imaginary centerline extending normal to a tangent plane at the center of the ball striking face, where the centerline passes through the rear surface of the club head<br><br>*Example illustration of normal to a tangent plane at the center point:<br><br> |
| 9 | within | *within* means located only on the bottom surface/sole of the golf club head, and not extending to the side walls or skirt of the club head |

A1

## EXHIBIT A
## CONSTRUCTIONS OF AGREED UPON CLAIM TERMS
## PURSUANT TO L. PAT. R. 4.3(a)

| 9 | and a portion thereof passing through | *and a portion thereof passing through* means a portion of the c-shaped aerodynamic slot passes through |
|---|---|---|
| 9 | a virtual centerline passing transversely through a heel-to-toe axis of said club | *a virtual centerline passing transversely through a heel-to-toe axis of said club* means an imaginary centerline extending normal to a tangent plane at the center of the ball striking face, where the centerline passes through a heel-to-toe axis of the club head<br><br>*Example illustration of normal to a tangent plane at the center point:<br><br> |

# EXHIBIT B

# Constructions of Disputed Claim Terms Pursuant to L. Pat. R. 4.3(b)

**EXHIBIT B**
**CONSTRUCTIONS OF DISPUTED CLAIM TERMS PURSUANT TO L. PAT. R. 4.3(b)**

| Claim No. | Claim Term | Disputed Term Constructions | | Evidence Supporting Defendant's Construction | Evidence Supporting Plaintiff's Construction |
|---|---|---|---|---|---|
| | | Defendant's View | Plaintiff's View | | |
| 1, 9 | substantially parallel with | *substantially parallel with* means the flat plane of the c-shaped slot and the flat plane of the sole/bottom surface of the golf club head are essentially parallel to each other, and the c-shaped slot therefore does not extend into the side walls or skirt | *substantially parallel with*: "The phrase 'substantially parallel with,' as used in Claims 1 and 9, relates to the relationship between an aerodynamic configuration in the form of a C-shaped slot formed on a curved surface and the curved bottom surface, adjacent to the rear surface, of the aerodynamic golf club head.  This phrase has been discussed in, and derives from, the U.S. Patent Office file history of the re-examination of the patent-in-suit which is intrinsic evidence.  Such evidence is supportive of the view that this phrase is a relative, not an absolute one."<br><br>"With respect to the term 'substantially' within the phrase 'substantially parallel with' the Plaintiff, will address the meaning of claim terms that are of a relative nature, such as 'about' or 'substantially.' | • U.S. Patent No. 5,735,754 (NIKE00006354 – NIKE00006363)<br>○ Figure 5<br><br>• U.S. Patent No. 5,735,754 Reexamination Certificate (NIKE00006362 – NIKE00006363)<br>○ Col. 1, ll. 25-29 ("A c-shaped aerodynamic slot 130 is formed on, *and substantially parallel with,* the bottom surface 124 and faces forwardly with open ends 132 of the c-shaped slot 130 being toward the ball striking face 122.")<br>○ Col. 1, ll. 38-42 ("A golf club head 300 is similar to the club head described in FIGS. 1-5 and includes a bottom surface 325, a side surface 327 and an aerodynamic slot 330 *on said bottom surface which is substantially parallel with the bottom surface . . . .*")<br>• Apr. 22, 2009 Response to Mar. 23, 2009 Office Action (Reexam), at 13 (NIKE00006692) ("Applicant | *Modine Mfg. C o. v. VSITC*, 75 F.3d 1545, 1551 (Fed. Cir. 1996; *Anchor Wall Systems, Inc. v. Rochward Retaining Walls*, 2003 WL 21920278 at *7-8 (Fed. Cir., 2003).  Such relative but potentially technical terms present issues of fact for a jury, not issues of law suitable to a *Markman* Hearing.  Accordingly, Plaintiff asserts that the term 'substantially' in the phrase 'substantially parallel with' provides flexibility to the manner in which the entire phrase may be properly construed, this certainly to include parallelism between the curved surface of the C-shaped slot and the curved surface of the bottom of the golf club head.  Whether or not the specification of the '754 patent shows the C-shaped slot upon or within a flat surface is not limiting of claims that use the term 'substantially parallel.' " |

| | | | | | |
|---|---|---|---|---|---|
| | | | | has amended Claim 1 to more specifically indicate that the bottom surface 124 of the golf club head of the '754 patent and the aerodynamic slot are substantially parallel, and the slot transects the virtual centerline of the club head.  Claim 1 as amended also makes explicit that the c-shaped slot is formed within the substantially <u>flat</u> bottom surface 124 of the '754 patent.") (emphasis added)<br>● Apr. 22, 2009 Response to Mar. 23, 2009 Office Action (Reexam), at 3 (NIKE00006646) (amending claim 1 to include "substantially parallel" limitation and adding new claim 9 with the "substantially parallel" limitation)<br>● Declaration of Winfield, at ¶ 7 (NIKE00006650) ("The aerodynamic slot described in the '754 patent is on the bottom surface or sole of the driver and defines a plane substantially parallel with the slot, as is shown in Fig. 5 of the patent.")<br>● Declaration of Winfield, at ¶ 8 (NIKE00006650) ("[T]he heel end of the Air Bear channel curves upward, away from the club face and toward the hosel, while the toe end of the Air Bear channel is larger and curves downward toward the club face.  As such, the channel of the Air Bear is not | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | substantially parallel to the sole plate of the club.")<br>• Declaration of Gillig, at ¶ 11 (NIKE00006655) ("As such, the heel-to-toe aerodynamic channel of the Air Bear was formed within the sidewalls of the club," not the bottom surface or sole)<br>• Declaration of Gillig, at ¶ 14 (NIKE00006656) ("[T]he heel end of the Air Bear channel tails upward, away from the face plate and toward the hosel, while the toe end of the Air Bear channel is larger and tails downward toward the face plate. As such, the channel of the Air Bear is not substantially parallel to either the sole plate or the crown of the club.")<br>• Declaration of Gillig, at ¶ 19 (NIKE00006658) ("Therein, the aerodynamic slots 330 and 430 shown in Figs. 9 and 10 occupy the same plane as the slot shown in Fig. 5, i.e., a plane substantially parallel with both the bottom and top surface of the club.")<br>• Dkt. 113 in *Adams* case (Trust's Opening Markman Br.), at 17 (NIKE00006309) ("[T]he concept of parallelism within or between the aerodynamic configuration and the bottom surface is not one which is limited to a parallelism between two flat surfaces.")<br>• Any other extrinsic evidence cited | |

**EXHIBIT B**
**CONSTRUCTIONS OF DISPUTED CLAIM TERMS PURSUANT TO L. PAT. R. 4.3(b)**

| | | | | | |
|---|---|---|---|---|---|
| | | | | in the Trust's L. Pat. R. 4.2 constructions but not produced <br> • Any other evidence identified in the parties' L. Pat. R. 4.2 disclosures as supportive of this term | |
| 1, 9 | c-shaped slot | *c-shaped slot* means an aerodynamic slot characterized by a flat bottom surface and a c-shaped profile, in the bottom surface/sole, not the sidewalls, of the golf club head | *c-shaped slot* means "any generally C-shaped channel" | • U.S. Patent No. 5,735,754 (NIKE00006354 – NIKE00006363) <br>   o Figures 1, 2, 5, 9-10 <br>   o Abstract ("A metal wood type golf club head having a c-shaped aerodynamic configuration formed in the bottom surface adjacent a rear surface and having an open end extending forwardly toward the ball striking face in combination with a skid surface.") <br>   o Col. 1, ll. 49-56 ("The golf club head of the present invention includes a c-shaped aerodynamic slot formed on the bottom sole surface of the club head.  In a preferred embodiment, a metal wood type golf club head, having a smooth upper surface and sloped side walls includes a c-shaped aerodynamic slot located adjacent the rear surface on the bottom surface or sole which generally follows the contours of the peripheral edges of the club head between the sole and the | Intrinsic Evidence <br> Plaintiff contends that the "C" and "shaped" should be afforded their plain, common meaning and "slot" should be as defined according to its definition with reference to aeronautics.  These terms are illustrated in Fig. 1, 2, 5 and 9 of the drawings of the patent and as those drawings are explained in the specification of the patent.  For example, Col. 2, Lines 64-68 states that "the C-shaped slot 130 extends to a point adjacent to the interface of the bottom surface 124 and rear surface 130…"  And, with regard to Fig. 9, the "C-shaped slot" refers to an "aerodynamic slot 330 which is offset in the direction of the toe 316 of the club head 309 (Col. 3, Lines 25-26)." <br><br> The term "C" as shown and described in the patent is a letter C and this should be afforded its plain, common and broadest meaning.  There is a 'heavy presumption' that the terms used in claims mean what they say and have the ordinary meaning that would be attributed to those words by persons skilled in the relevant art. *Resonate, Inc. v. Alteon Websystems, Inc.* 338 F.3d 1360 |

**EXHIBIT B**
**CONSTRUCTIONS OF DISPUTED CLAIM TERMS PURSUANT TO L. PAT. R. 4.3(b)**

| | | | | | |
|---|---|---|---|---|---|
| | | | | side walls.") <br> o Col. 2, ll. 60-63 ("A c-shaped aerodynamic slot 130 is formed on the bottom surface 124 and faces forwardly with open ends 132 of the c-shaped slot 130 being toward the ball striking face 122.") <br> o Col. 2, ll. 64-68 ("Preferably, the c-shaped slot 130 extends from a point adjacent the interface of the bottom surface 124 and rear surface 120 across approximately two thirds of the distance to the ball striking face 122.") <br> o Col. 3, ll. 1-6 ("The aerodynamic slot 130 catches air just behind the ball striking face 122 and directs it toward the rear surface 120 within the curved walls of the c-shaped slot 130 of the club head 100. The air is expelled rearwardly out of the slot to minimize turbulence and reduce drag as the club head 100 is swung.") <br> o Col. 3, ll. 15-18 ("A c-shaped aerodynamic slot 230 is formed on the bottom surface 225 adjacent the rear surface 220. The open end of the slot 230 faces | (Fed. Cir. 2003). Many issued patents, including golf clubs patents, indicate that "C-shaped" is a broad, generic term. <br><br> Extrinsic evidence: <br> Dictionaries, encyclopedias and treatises are particularly useful resources to assist the court in determining the ordinary and customary meanings of claim terms. *Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.ed 1193, 1202 (Fed. Cir. 2002). In this context, a slot may be more or less narrow in cross-section, this as opposed to a possible definition of the term equating a slot to a slit. <br><br> Further, regarding the "slot" part of this phrase, the *MSN Encarta* dictionary sets forth a use of the term particular to aeronautics, which is as follows: <br> "4. Aviation air passage: an air passage in an airfoil that directs air from the lower surface to the upper surface." <br><br> C-shaped slot therefore should be construed to mean any generally C-shaped channel. <br><br> Case law that addresses this phrase is set forth in Trust Bates 00918 as extrinsic evidence. Patents in the golf art that construe this phrase are set forth Trust Bates 00919 to 00947 as extrinsic evidence. |

**EXHIBIT B**
**CONSTRUCTIONS OF DISPUTED CLAIM TERMS PURSUANT TO L. PAT. R. 4.3(b)**

| | | | | | |
|---|---|---|---|---|---|
| | | | | forwardly toward the ball striking face 224.") | |
| | | | | o Col. 3, ll. 22-30 ("FIG. 9 shows another embodiment of the present invention. A golf club head 300 is similar to the club head described in FIGS. 1-5 and includes a bottom surface 325, a side surface 327 and an aerodynamic slot 330 which is offset in the direction of the toe 316 of the club head 300. FIG. 10 shows another embodiment similar to FIG. 9. A golf club head 400 and includes a bottom surface 425, a side surface 427 and an aerodynamic slot 430 which is offset in the direction of the heel 414 of the club head 400.") | |
| | | | | o Col. 3, ll. 31-35 ("It will be appreciated that the offset aerodynamic slots of FIGS. 9 and 10 allow greater club head speed at the heel or toe selectively in order to more effectively accommodate the swing characteristics of a particular golfer, whether left-handed or right-handed.") | |
| | | | | • U.S. Patent No. 5,735,754 Reexamination Certificate (NIKE00006362 – NIKE00006363) | |
| | | | | o Col. 1, ll. 25-32 ("A c-shaped | |

**EXHIBIT B**
**CONSTRUCTIONS OF DISPUTED CLAIM TERMS PURSUANT TO L. PAT. R. 4.3(b)**

| | | | | | |
|---|---|---|---|---|---|
| | | | | aerodynamic slot 130 is formed on, *and substantially parallel with,* the bottom surface 124 and faces forwardly with open ends 132 of the c-shaped slot 130 being toward the ball striking face 122. *As shown in FIG. 1, c-shaped aerodynamic slot 130 transects a virtual centerline that passes through ball striking face 122 and rear surface 120 of the club head.")* | |
| | | | | o Col. 1, ll. 38-45 ("A golf club head 300 is similar to the club head described in FIGS. 1-5 and includes a bottom surface 325, a side surface 327 and an aerodynamic slot 330 *on said bottom surface which is substantially parallel with the bottom surface, and* offset *from a virtual centerline that passes transversely through a heel-to-toe axis of the club head,* in the direction of the toe 316 of the club head 300, *with a portion of slot 330 passing through the virtual centerline.")* | |
| | | | | o Col. 1, ll. 47-53 ("A golf club head 400 [and] includes a bottom surface 425, a side | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | surface 427 and an aerodynamic slot 430 *on said bottom surface* which is offset *from a virtual centerline that passes transversely through a heel-to-toe axis of the club head,* in the direction of the heel 414 of the club head 400, *with a portion of slot 430 passing through the virtual centerline.*")<br>• Apr. 22, 2009 Response to Mar. 23, 2009 Office Action (Reexam), at 11 (NIKE00006690) ("Figs. 2 and 3 of Ortiz which shows slot 54 located well above the sole plate and, in fact, within the sidewalls. Also, as may be seen in Fig. 2, the slot 54 of Ortiz is not formed within the bottom surface of the club and is certainly not parallel therewith.")<br>• Apr. 22, 2009 Response to Mar. 23, 2009 Office Action (Reexam), at 12 (NIKE00006691) (distinguishing prior art Antonious '176 by stating the "cavities are formed within the sidewalls, as opposed to the bottom of the club" as claimed)<br>• Apr. 22, 2009 Response to Mar. 23, 2009 Office Action (Reexam), at 13 (NIKE00006692) ("Applicant has amended Claim 1 to more specifically indicate that the bottom surface 124 of the golf | |

**EXHIBIT B**
**CONSTRUCTIONS OF DISPUTED CLAIM TERMS PURSUANT TO L. PAT. R. 4.3(b)**

| | | | | |
|---|---|---|---|---|
| | | | | club head of the '754 patent and the aerodynamic slot are substantially parallel, and the slot transects the virtual centerline of the club head.  Claim 1 as amended also makes explicit that the c-shaped slot is formed within the substantially flat bottom surface 124 of the '754 patent."); ("Patentee, in amending original Claim 1 to clarify that the c-shaped slot of the invention must transect the front-to-rear centerline of the club head, obviates the references to Krzynowek and MacDougall, both of which teach a club head having bottom surface recesses that do not intersect the front-to-rear virtual centerline of the club head.")<br>• Apr. 22, 2009 Response to Mar. 23, 2009 Office Action (Reexam), at 13-14 (NIKE00006692 - NIKE00006693) ("These amendments, in pertinent portion, express that the aerodynamic configuration is substantially parallel with the bottom surface of the club and that said configuration transects the face-to-rear centerline of the club.")<br>• Sept. 21, 2009 and Sept. 24, 2009 Responses to Aug. 27, 2009 Office Action (Reexam), at 2-3 (NIKE00006719 – NIKE00006720; | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | NIKE00006733 – NIKE00006734) (amended specification to include "and substantially parallel with" limitation, "transects a virtual centerline that passes through ball striking face 122 and rear surface 120 of the club head" limitation, and "from a virtual centerline that passes transversely through a heel-to-toe axis of the club head" limitation)<br><br>• Sept. 21, 2009 and Sept. 24, 2009 Responses to Aug. 27, 2009 Office Action (Reexam), at 4 (NIKE00006721; NIKE00006731) (amended claim 1 to include the "and substantially parallel" limitation and "said c-shaped slot transecting a virtual centerline passing through said ball striking face and said rear surface of said club" limitation)<br><br>• Declaration of Gillig, at ¶ 11 (NIKE00006655) ("As such, the heel-to-toe aerodynamic channel of the Air Bear was formed within the sidewalls of the club," not the bottom surface or sole)<br><br>• MSN Encarta dictionary (defining slot to mean "4. Aviation air passage: an air passage in an airfoil that directs air from the lower surface to the upper surface.") (cited, but not produced, by the Trust)<br><br>• Any other extrinsic evidence cited | |

**EXHIBIT B**
**CONSTRUCTIONS OF DISPUTED CLAIM TERMS PURSUANT TO L. PAT. R. 4.3(b)**

| | | | | | |
|---|---|---|---|---|---|
| | | | | in the Trust's L. Pat. R. 4.2 constructions but not produced <br> • Any other evidence identified in the parties' L. Pat. R. 4.2 disclosures as supportive of this term | |
| 1 | skid surface | *skid surface* means a surface of the golf club head formed on and raised from the bottom surface so as to extend outwardly from the bottom surface/sole, separated from the bottom surface by the spacer wall, and designed to skim across the ground when the club head is swung | *skid surface* means a surface of the golf club head formed on and raised from the bottom surface so as to extend outwardly from the bottom surface/sole, and designed to skim across the ground when the club head is swung | • U.S. Patent No. 5,735,754 (NIKE00006354 – NIKE00006363) <br> ○ Figures 1-5, 9, 10 <br><br> <br>FIG. 5 <br><br> ○ Abstract ("A metal wood type golf club head having a c-shaped aerodynamic configuration formed in the bottom surface adjacent a rear surface and having an open end extending forwardly toward the ball striking face in combination with a skid surface.") <br> ○ Col. 1, ll. 58-63 ("The club head may also include a raised sole plate on the bottom surface having a spacer wall which also provides an aerodynamic effect and creates a skid | Intrinsic evidence: Nicklaus Air Bear employs a skid surface, as does U.S.P.N. 5,154,423 (Figs. 2 and 6), also termed a "runner."  See '754 patent, Figs. 1-5, 9-10; Col. 1, Lns. 38-63; Col. 2, Lns. 58-60; Col. 3; Lns. 6-8.  It is typically raised from the bottom surface. |

## EXHIBIT B
## CONSTRUCTIONS OF DISPUTED CLAIM TERMS PURSUANT TO L. PAT. R. 4.3(b)

| | | | | | |
|---|---|---|---|---|---|
| | | | | structure enabling the club to skim across the ground surface when the club head is swung to hit a golf ball.")<br><br>o Col. 2, ll. 58-60 ("The bottom sole 124 includes a skid member 126 which extends outwardly from the bottom sole 124 and is separated therefrom by a spacer wall 128.")<br><br>o Col. 3, ll. 6-8 ("At the same time, the skid 126 and spacer walls 128 also serve to direct the air flow rearwardly to increase laminar flow in that area of the club head 100.")<br><br>o Col. 3, ll. 9-15 ("This club head 200 is similar to that described to the club head hereinabove and includes a hosel 212, heel 124, toe 216, upper surface 218, rear surface 220, upper toe 230, side walls 222, a ball striking face 224, bottom surface 225, a skid 226 and a spacer wall 228 separating the skid 226 from the bottom surface 225.")<br><br>• Any other extrinsic evidence cited in the Trust's L. Pat. R. 4.2 constructions but not produced<br><br>• Any other evidence identified in the parties' L. Pat. R. 4.2 disclosures as supportive of this | |

**EXHIBIT B**
**CONSTRUCTIONS OF DISPUTED CLAIM TERMS PURSUANT TO L. PAT. R. 4.3(b)**

| | | | | term | |
|---|---|---|---|---|---|
| 1 | wall separating said skid surface from said bottom surface | *wall separating said skid surface from said bottom surface* means a spacer wall separating the bottom surface from the skid surface, where the spacer wall is separate and distinct from the perimeter walls of the c-shaped slot | *wall separating said skid surface from said bottom surface:* "The only term in this phrase not otherwise construed or discussed herein is 'wall.' Plaintiff contends that 'wall' in this phrase means any non-horizontal surface that separates the skid surface from the bottom surface." | • U.S. Patent No. 5,735,754 (NIKE00006354 – NIKE00006363) <br> o Figures 1-5, 9-10 <br><br>  <br> FIG. 5 <br><br> o Abstract ("A metal wood type golf club head having a c-shaped aerodynamic configuration formed in the bottom surface adjacent a rear surface and having an open end extending forwardly toward the ball striking face in combination with a skid surface.") <br> o Col. 1, ll. 58-63 ("The club head may also include a raised sole plate on the bottom surface having a spacer wall which also provides an aerodynamic effect and creates a skid structure enabling the club to skim across the ground surface when the club head is swung to hit a golf ball.") <br> o Col. 2, ll. 58-60 ("The | The only term in this phrase not otherwise construed or discussed herein is "wall." Plaintiff contends that "wall" in this phrase means any non-horizontal surface that separates the skid surface from any part of the bottom surface. <br> See patent at Fig. 1-5, 9, 10; and Col. 1, Lns. 58-63; and Col. 3, Lns. 6-8. |

| | | | | bottom sole 124 includes a skid member 126 which extends outwardly from the bottom sole 124 and is separated therefrom by a spacer wall 128.")<br>o Col. 3, ll. 6-8 ("At the same time, the skid 126 and spacer walls 128 also serve to direct the air flow rearwardly to increase laminar flow in that area of the club head 100.")<br>o Col. 3, ll. 9-15 ("This club head 200 is similar to that described to the club head hereinabove and includes a hosel 212, heel 124, toe 216, upper surface 218, rear surface 220, upper toe 230, side walls 222, a ball striking face 224, bottom surface 225, a skid 226 and a spacer wall 228 separating the skid 226 from the bottom surface 225.")<br>• Any other extrinsic evidence cited in the Trust's L. Pat. R. 4.2 constructions but not produced<br>• Any other evidence identified in the parties' L. Pat. R. 4.2 disclosures as supportive of this term | |
|---|---|---|---|---|---|
| 9 | offset from | *offset from* means substantially, rotationally offset relative to the virtual | *offset* means "existing or disposed at a displacement from the virtual centerline of | • U.S. Patent No. 5,735,754 (NIKE00006354 – NIKE00006363)<br> o Figures 9 and 10 | The phrase "offset from" should be construed to mean existing or disposed at a displacement from the |

**EXHIBIT B**
**CONSTRUCTIONS OF DISPUTED CLAIM TERMS PURSUANT TO L. PAT. R. 4.3(b)**

| | | centerline | the club head as that phrase is defined above." |  FIG 9    FIG 10 o Col. 3, ll. 22-26 ("FIG. 9 shows another embodiment of the present invention. A golf club head 300 is similar to the club head described in FIGS. 1-5 and includes a bottom surface 325, a side surface 327 and an aerodynamic slot 330 which is offset in the direction of the toe 316 of the club head 300.") o Col. 3, ll. 27-30 ("FIG. 10 shows another embodiment similar to FIG. 9. A golf club head 400 and includes a bottom surface 425, a side surface 427 and an aerodynamic slot 430 which is offset in the direction of the heel 414 of the club head 400.") o Col. 3, ll. 31-35 ("It will be appreciated that the offset aerodynamic slots of FIGS. 9 and 10 allow greater club head speed at the heel or toe selectively in order to more effectively accommodate the swing | virtual centerline of the club head as that phrase is defined.  See Col 3, Lns. 22-30 of patent  *Webster's* defines "offset" as: "a displacement."  (Def. 3b.) |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | | characteristics of a particular golfer, whether left-handed or right-handed.")<br>• Response to June 9, 1997 Office Action (original prosecution), at 1 (NIKE00006400) (Adding new claim 8 including the limitation "wherein said slot is further defined by being offset by said toe of said club head.")<br>• Apr. 22, 2009 Response to Mar. 23, 2009 Office Action (Reexam), at 8-9 (NIKE00006687 – NIKE00006688) (arguing that the Air Bear's channel was not "substantially offset" and therefore did not invalidate claim 9. "Also, the aerodynamic channel thereof is not 'substantially offset' from the front-to-rear centerline of the club, as is claimed in new Claim 9." *Id.* at 8. "In summary, the aerodynamic channel of the A[ir] B[ear], in addition to its complete difference in strategy and function, is asymmetric but not substantially offset relative to the centerline of the AB club." *Id.* at 9. Additionally, "each end of the A[ir] B[ear] channel is almost equidistant from the face of the A[ir] B[ear].")<br>• Declaration of Winfield, at ¶ 8 (NIKE00006650) ("[T]he forward ends of the Air Bear channel are | |

**EXHIBIT B**
**CONSTRUCTIONS OF DISPUTED CLAIM TERMS PURSUANT TO L. PAT. R. 4.3(b)**

| | | | |
|---|---|---|---|
| | | | nearly parallel with, and each end is the same distance from, the plane of the striking face.")<br><br>• Webster's dictionary (defining "offset" to mean "a displacement") (TRUST 00955)<br><br>• Any other extrinsic evidence cited in the Trust's L. Pat. R. 4.2 constructions but not produced<br><br>• Any other evidence identified in the parties' L. Pat. R. 4.2 disclosures as supportive of this term |

B17