UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IRREVOCABLE TRUST of ANTHONY J. ANTONIOUS,**<br><br>    Plaintiff,<br><br>    v.<br><br>**NIKE, INC.,**<br><br>    Defendant. | Civil Action No. 11-cv-06327 (KM)<br><br><br>**OPINION AND ORDER** |

    This matter comes before the Court on the motion of plaintiff (the "Trust") to Conform the *Markman* Order to *Markman* Opinion Or, in the Alternative, to Amend *Markman* Order. (ECF 57) Defendant has opposed the motion (ECF 58) and Plaintiff has filed a Reply (ECF 59).

    On April 29, 2013, I held a hearing for the purpose of constructing contested terms in the '754 patent at issue, pursuant to *Markman v. Westview Instruments*, 52 F.3d 967 (Fed. Cir. 1995). On January 8, 2014, I filed an Opinion and Order setting forth my construction of the disputed patent terms. (ECF 55, 56) Among the terms constructed in my Opinion were "substantially parallel with" in Claim 1 and "substantially parallel to" in Claim 9. My Opinion construed the two phrases as synonymous, finding that both implied a substantially flat bottom/sole of the club head. The Trust now claims, in its motion, that the two phrases should be construed differently. In particular, it concedes that "substantially parallel with" in Claim 1 entails a substantially flat bottom/sole of the club head, but contends that "substantially parallel to" in Claim 9 does not.

    There are several problems with the Trust's motion as presented.

    First, this is in no sense a motion to "conform" the Order to the Opinion or to "amend" the Order. A motion to amend or conform would be used, at most, to correct a scrivener's error or an error in transmission between the Opinion and the Order. This Order, however, contains a cut-and-paste of the construction of patent terms in the Opinion. The Trust's motion seeks to persuade the Court to change its construction of "substantially parallel to" in *both* the Opinion and the Order. That is more akin to a motion for reconsideration. *See* Local Civil Rule 7.1(i).

1

No legitimate grounds for reconsideration are raised by this motion. A court will grant a motion for reconsideration only where: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). Reconsideration is not warranted where, as here, the movant has filed the motion merely to disagree with or relitigate the court's initial decision. *Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000). I set aside that threshold problem for the moment.

Second, as a matter of plain English, I fail to see how "parallel with" differs from "parallel to" in any way that would affect the issue. To my way of speaking, the phrases are synonymous. And the choice of preposition does not erase the interpretation and prosecution history that defines "substantially parallel."

Third, the Trust at all times treated the phrases as synonymous. The statement of the parties' claims in its briefing, for example, stated that the term to be constructed by the court was "Substantially parallel with/to ... as used in Claims 1 and 9." (ECF 40 at 8) The Trust then stated the parties' competing constructions, and never so much as suggested that different definitions applied to Claims 1 and 9. In my Opinion, I raised *arguendo* the issue of whether the two should be construed identically; I concluded that the parties had stated no basis to treat them differently, and added that "claim 9, added only on reexamination, could not expand the scope of the prior claims." (Opinion, ECF 54 at 23) The Trust's new position seems opportunistic.

Fourth, the Trust urges that Claim 1 and Claim 9 (which was added on reexamination) have different "genealogies." It criticizes the Court's reliance on a prosecution disclaimer that referred only to Claim 1. (ECF 54 at 19, 23) But, as noted, no party ever drew any distinction between Claims 1 and 9 with respect to this issue, and a claim added in reexamination could not be used to expand the scope of the patent. Figure 5, which is common to the embodiments, further supports a limitation of flatness.[1]

---

[1] Nike, moreover, points to disclaimers in the reexamination history that suggest a broader application to other embodiments. (See ECF 58 at 12 & n.5 (citing the record).)

The Trust's disclaimer of any slot extending into the sidewalls, as the Opinion pointed out, has some relevance to the parallel/flat issues. (ECF 54 at 23) It bears, for example, on the feasibility of an embodiment that has a curved bottom surface. It also bears on the question of whether the club head is in an "aerodynamically efficient configuration." I do not interpret "aerodynamic" to mandate a curved bottom surface, as argued by the Trust; for one thing, that interpretation would invalidate Claim 1,

Figures 9 and 10, to which the Trust refers in its motion, are far from definitive. The Trust appears to place undue reliance on the contour lines, or shading lines, in the drawings. These, however, are ambiguous; examination of all of the Figures makes me suspect that such lines may even have different meanings (*e.g.,* scooping away from the observer, or bulging toward the observer) depending on where they appear. At any rate, as stated, these illustrations and Claim 9, added in reexamination, could not expand the coverage of the original patent by eliminating a preexisting limitation of flatness, which is conceded as to Claim 1 and illustrated in Figure 5. And—assuming it were permissible—if dispensing with the flatness limitation were the goal of Claim 9, I would expect and require a clearer statement to that effect.

In short, I do not here rehash all of the points in the Opinion, but suffice it to say that I adhere to its reasoning and see no basis to reconsider, amend, or conform.

Accordingly,

IT IS this 20th day of February, 2014

ORDERED that the Plaintiff's Motion to Conform the *Markman* Order to *Markman* Opinion Or, in the Alternative, to Amend *Markman* Order (ECF 57) is DENIED.

_____
**KEVIN MCNULTY**
**United States District Judge**

---

which, as the Trust concedes, has a flat bottom. Contrary to the Trust's current argument, to say that the bottom is curved, or not, is not to say that the club head is aerodynamic, or not. Other factors are involved. Were it not so, this requirement would rule out every design element that did not have as its sole objective the minimization of drag. The striking face, for example, could be designed to be less flat and hence more "aerodynamic." But then it might be useless for hitting a golf ball.