M. K. Silverman & Associates, P.C.
1187 Main Avenue
Clifton, NJ 07011
Phone: (973) 508-5033
Fax: (954) 933-2852
E-mail: mks@mkspc.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRREVOCABLE TRUST OF ANTHONY J. ANTONIOUS, <br><br>　　　　Plaintiff, <br><br>v. <br><br>NIKE, INC., an Oregon Corporation <br><br>　　　　Defendant. | Case No. 2:11-cv-06327-KM-JBC <br><br>**PLAINTIFF'S CORRECTED RESPONSIVE STATEMENT TO NIKE'S LOC. CIV. R. 56.1 STATEMENT OF MATERIAL FACTS (ECF 100-2)** |

　　　Plaintiff responds to NIKE's Statement of Undisputed Material Facts as follows, with the specific record citations in support thereof, where applicable:

　　　I am counsel for Plaintiff and have personal knowledge of the facts stated in this Declaration. This document replaces Plaintiff's original response (an attachment to ECF 108) to Defendant's Statement of Material Facts under 56.1.

1. Admitted. The Trust asserts that NIKE literally infringes Claim 9 of U.S. Patent No. 5,735,754 ("Asserted Claim 9" of the '754 patent").
2. Admitted. Claim 9 requires a golf club head that includes an "aerodynamic configuration."
3. Admitted.
4. Admitted. The Trust accuses six NIKE golf clubs of infringing of the '754 patent as set forth in ¶4 of NIKE'S Statement of Undisputed Material Facts, four of which are drivers and two of which are Fairway woods..
5. Admitted. Testing or simulation of some type is required to determine whether the accused clubs include an "aerodynamic configuration."
6. Admitted.
7. Admitted in part. Denied in Part. NIKE conducted two rounds of testing of the accused clubs, known as the DYMO, the first in 2009, relative to its peers or competitors, and the second in 2013 relative to a streamlined construct of a DYMO club head intended as a low drag, low turbulence club head. Battelle 2013's test results, reflected in the so-called Battelle Report (Ex. 8, p. 5, Webb Dec.) showed that the DYMO driver performed comparably to NIKE's streamlined club. (Long Dep. Tr. 15:17-25; 80:14-81:12) and the DYMO Fairway woods, known as the Quad Keel club, performed better than the Battelle construct (Battelle Report §4.1)
8. Denied in part. The so-called Battelle Report was flawed by reason of many errors in methodology and also failed as a simulation in that the tested DYMO golf clubs actually were never swung by any golfer, whether real or robotic. As such, the effect of mass and

velocity of the tested DYMO club heads and therefore drag at different velocities was never simulated. Winfield Dec. ¶5.

9. Denied. The Trust, including the Trust's expert, did not perform testing or simulation to determine whether the accused clubs included an "aerodynamic configuration" because there do not exist any industry standards to which the drag, turbulence or laminar flow generated by a golf club head could be compared.

10. The Trust's expert Douglas Winfield testified that the accused clubs exhibited an "aerodynamic configuration." (Winfield Dep. TR at 59:10 to 60:13;106:2-22). Also, see response to No. 9 above.

11. Denied. See responses to ¶s 8, 9 and 10 above.

I Melvin K. Silverman, hereby declare under penalty of perjury under 28 U.S.C. §1946 the foregoing Declaration is true and correct.

_____7/23/15_____  
DATE

_____  
MELVIN K. SILVERMAN

## CERTIFICATE OF SERVICE

On July 23, 2015, the undersigned hereby certifies that a true and correct copy of the foregoing **PLAINTIFF'S CORRECTED RESPONSIVE STATEMENT TO NIKE'S LOC. CIV. R. 56.1 STATEMENT OF MATERIAL FACTS (ECF 100-2)** has been served on counsel for Defendant, identified below, via Electronic Mail pursuant to agreement of the parties.

| | |
|---|---|
| Arnold B. Coleman, Esq., | (abc@saiber.com) |
| Christopher Renk, Esq. | (crenk@bannerwitcoff.com) |
| Erik S. Maurer, Esq., | (emaurer@bannerwitcoff.com) |
| Katherine A. Escanlar, Esq., | (kae@saiber.com) |
| Michael J. Harris, Esq., | (mharris@bannerwitcoff.com) |
| Victoria R. Webb, Esq., | (vwebb@bannerwitcoff.com) |

By: s/Melvin K. Silverman
    MELVIN K. SILVERMAN