UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRREVOCABLE TRUST OF ANTHONY J. ANTONIOUS,<br><br>        Plaintiff,<br><br>        v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>        Defendants. | Civil Action No. 2:11-cv-06327-KM-JBC<br><br>OPINION AND ORDER |

**CLARK, Magistrate Judge**

      This matter having been opened to the Court by way of motion of defendant NIKE, Inc. ("Defendant" or "NIKE"), seeking an Order holding plaintiff Irrevocable Trust of Anthony J. Antonious ("Plaintiff" or "Trust") in contempt of the Discovery Confidentiality Order entered by this Court on February 28, 2012 [Docket Entry No. 120, 123]; and the Trust having opposed NIKE's motion [Docket Entry No. 121]; and the Court having considered the arguments submitted in support of, and in opposition to, NIKE's motion; and for the reasons that follow, NIKE's motion is DENIED, in part, and GRANTED, in part.

**I.    BACKGROUND**

      The background of this case was previously set forth in the Court's Order dated October 15, 2015 [Docket Entry No. 124] and shall not be repeated herein.  At present, NIKE moves for contempt and attorneys' fees to address the Trust's alleged violation of the Court's February 28, 2012 Discovery Confidentiality Order (the "DCO").

      On February 21, 2012, NIKE's counsel submitted a proposed Discovery Confidentiality Order—mutually agreed upon by both parties—to address the handling of confidential

1

information exchanged between them during the case. [Docket Entry No. 22]. In support of the proposed order, NIKE's counsel submitted a declaration setting forth the documents it sought to protect and the harm it would face if such documents were subject to public disclosure. [Docket Entry No. 23]. In terms of harm, NIKE claimed it would face "serious commercial injury." [*Id.*] NIKE further claimed that its competitive position would be undermined by the public disclosure of its highly confidential and proprietary commercial information. [*Id.*] Finding good cause, the Court entered the DCO on February 28, 2012. [Docket Entry No. 24].

In relevant part, Paragraph 3 of the DCO requires the parties to "file a motion to seal, or otherwise restrict public access to" any documents designated as confidential, by any party, which it sought to file "pursuant to Local Civil Rules 5.3(c) and 7.1." [Docket Entry No. 24 ¶ 3]. Additionally, Paragraph 2 of the DCO provides that "[n]o information or material designated 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL' shall be disclosed to any person or entity except as set forth in this Discovery Confidentiality Order." [*Id.* at ¶ 2(A)]. While a party may disclose an opposing party's designated information to its experts, it may only do so after it (1) "notif(ies) all other parties in writing of the name of the person(s) to whom disclosure is to be made, providing at that time an executed declaration in the form attached [to the DCO] as Exhibit A, together with a current copy of the curriculum vitae of the expert(s) to whom disclosure is made" and (2) waits a period of ten business days after this notification before disclosing any designated materials to the expert to allow the designating party time to object to such disclosure. [*Id.* at ¶ 2(B)(iii))]. The DCO makes clear that a breach of these obligations "*may* result in a finding of contempt of court, the imposition of sanctions, and subject the breaching party to liability for claims of unfair competition and trade secret misappropriation." [*Id.* at ¶ 9(E) (emphasis added)].

On June 5, 2015, NIKE filed its motion for summary judgment claiming non-infringement of U.S. Patent No. 5,735,754. [Docket Entry No. 100]. Plaintiff filed its opposition on June 26, 2015, including a declaration from its expert, Douglas Winfield. [Docket Entry No. 108-109]. In the present motion, NIKE contends that Exhibits A-D to the Trust's Opposition brief [Docket Entry No. 108 at 13-21] and Exhibit B to Mr. Winfield's declaration [Docket Entry No. 109 at 17-19] were copies of NIKE's production documents that were marked and/or designated as confidential. (*See* Def.'s Br. at 2). These documents were neither filed under seal nor was NIKE provided a declaration for Mr. Winfield as required by the DCO. Accordingly, NIKE notified the Trust on June 29, 2015 of its alleged violations of the DCO and requested that the Trust take the proper steps to rectify them.[1]  (*See* Declaration of Victoria Webb ("Webb Dec."), Ex. 1). After several weeks of inaction, NIKE advised the Trust on July 18, 2015 that it would be filing a motion to permanently seal the documents allegedly designated as confidential. (*See id.*)  In response, the Trust indicated that it would not oppose the motion to seal. (*See id.*)

On July 22, 2015, NIKE filed its motion to seal Exhibits A-D of the Trust's Opposition brief and Exhibit B to Mr. Winfield's declaration. [Docket Entry No. 112]. The Court granted NIKE's motion on August 4, 2015, requiring the Trust to "file Exs. A-D of the brief under seal and Ex. B to the Winfield Decl. under seal" without a set date. [Docket Entry No. 116]. After two weeks, the Court directed the Trust to comply with the August 4, 2015 Order by August 21, 2015. (*See* Webb Dec., Ex. 3). On August 19, 2015, the Trust complied with the Court's August 4, 2015 Order. [Docket Entry No. 117-118].

---

[1] NIKE also contacted the Court on June 27, 2015 by e-mail, requesting that the Court seal the allegedly confidential documents. (*See* Webb Dec., Ex. 2).

Believing that the Trust had violated the DCO, NIKE filed the instant motion. The Trust opposes on several grounds. First, the Trust contends that Exhibits A and B of its Opposition brief, and Exhibit B of the Winfield Declaration, lack the appropriate confidentiality designations. *See* Pl.'s Opp. at 2-3. The Trust argues that this is in large part due to NIKE's servers, which deleted many markings of confidentiality from the documents. *See id.* at 1-2. The Trust also points to Nike's production DVD's, two of which it claims were defective. *See id.* at 1-2. Second, the Trust claims that Exhibits C and D contain only the "upper one-third of the phrase 'HIGHLY CONFIDENTIAL," but acknowledges that the phrase "CONFIDENTIAL-FOR INTERNAL AND R&D USE ONLY" is visible. *See id.* at 3. Notwithstanding the cut-off language, the Trust agrees that "counsel for Plaintiff should have recognized the attempted marking of these documents as confidential within the scope of the DCO . . ." *See id.* Third, the Trust represents that it will provide the required DCO declaration of Dr. Winfield "[i]n a matter of days." Fourth and finally, the Trust contends that it fully cooperated with NIKE when the alleged breach was brought to its attention.

## II. LEGAL STANDARD

"Courts have inherent power to hold parties in civil contempt in order to enforce compliance with any order of the court or to compensate for losses or damages." *U.S. v. Ciampitti*, 669 F. Supp. 684, 687 (D.N.J. 1987) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949)). The Federal Rules also grant the court authority to impose sanctions "if a party or its attorney: . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses — including attorney's fees — incurred because

4

of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

To establish civil contempt, the moving party "must show by clear and convincing evidence: (1) that a valid court order existed; (2) that [the alleged contemnor] had knowledge of the order; and (3) that [the alleged contemnor] disobeyed the order." *Andrews v. Holloway*, 256 F.R.D. 136, 141 (D.N.J. 2009) (citing *Roe v. Operation Rescue*, 919 F.2d 857, 871 (3d Cir. 1990)).

### III. DISCUSSION

Pursuant to the DCO, a breach "*may* result in a finding of contempt of court, the imposition of sanctions, and subject the breaching party to liability for claims of unfair competition and trade secret misappropriation." [*Id.* at ¶ 9(E) (emphasis added).] Based on the facts presented, the Court declines to certify contempt. Nevertheless, the Court finds that an award of attorney fees is warranted.

Upon review of Exhibits A and B of the Trust's opposition brief, and Exhibit B of the Winfield Declaration, there appears to be no clear designation of confidentiality on the documents themselves. While these documents may have been designated as confidential in their file name, the Trust contends that a server error removed these designations when they were retrieved by their outside IT professional. NIKE has provided screenshots of the FTP site used to retrieve these documents, but this alone is insufficient to prove that those designations were in place when the documents were downloaded. Similarly, it is unclear whether the documents reviewed by Dr. Winfield were appropriately marked as confidential. Nevertheless, the Trust has advised that it would comply with the DCO by providing NIKE with the requested declaration. Accordingly, the foregoing facts do not warrant a finding of contempt or sanctions.

On the other hand, Exhibits C and D of the Trust's opposition brief are marked as "CONFIDENTIAL-FOR INTERNAL AND R&D USE ONLY." There is also a "HIGHLY CONFIDENTIAL" designation in the lower left hand corner, albeit partially cut-off. The Trust concedes that "it should have recognized the attempted marking of these documents as confidential within the scope of the DCO." The Court agrees. Where a party fails to comply with a pretrial order, the Court must enter an order requiring the party or its attorney "to pay the reasonable expenses — including attorney's fees — incurred because of any noncompliance . . . unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Here, the trust concedes that these documents were confidential and should have been treated as such. At the very least, the Trust should have conferred with NIKE prior to filing these documents on the electronic docketing system, to confirm whether they were indeed confidential. Moreover, the Trust failed to take any affirmative step to rectify the issue after being notified by NIKE. It did not seal the documents nor did it make an effort to provide the declaration of Dr. Winfield. Instead, NIKE's counsel was forced to contact the Court to temporarily seal the documents, file a motion to permanently seal the documents, and then file the instant motion to ensure the Trust's compliance with DCO—actions that should have been taken by the Trust. As such, this Court awards NIKE the reasonable attorneys' fees and expenses incurred in filing the motion to seal [Docket Entry No. 112] and the present motion [Docket Entry No. 120].

### IV.    CONCLUSION

In light of the foregoing, and the Court having considered this matter pursuant to FED. R. CIV. P. 78;

IT IS on this 2nd day of March, 2016,

**ORDERED** that Defendant's motion to hold Plaintiff in contempt of the Court's February 28, 2012 Discovery Confidentiality Order is DENIED; and it is further

**ORDERED** that Defendant be awarded the reasonable attorneys' fees and expenses incurred in filing the motion to seal [Docket Entry No. 112] and its motion to hold Plaintiff in contempt [Docket Entry No. 120]; and it is further

**ORDERED** that NIKE submit appropriate documentation and evidence to support its calculation of attorneys' fees within 30 days of this Order; and it is further

**ORDERED** that Plaintiff provide Defendant, if it has not already done so, with a copy of the declaration attached as Exhibit A to the Discovery Confidentiality Order that is executed by Mr. Douglas Winfield, within seven (7) days of this Order, together with Mr. Winfield's current curriculum vitae.

[THIS ORDER TERMINATES DOCKET ENTRY NO. 120.]

Dated: March 2, 2016

s/  James B. Clark, III

**HONORABLE JAMES B. CLARK, III**

**UNITED STATES MAGISTRATE JUDGE**