**M.K. Silverman & Associates, P.C.**
**1187 Main Avenue**
**Clifton, NJ 07011**
**Phone: (973) 508-5033**
**Fax: (954) 933-2852**
**E-mail: mks@mkspc.com**
**Attorneys for Plaintiff**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IRREVOCABLE TRUST OF ANTHONY J. ANTONIOUS,** | **Case No. 2:11-cv-06327-KM-JBC** |
|         **Plaintiff** | |
| **v.** | |
| **NIKE, INC., an Oregon Corporation,** | |
|         **Defendant.** | |

### OMNIBUS MOTION TO SET ASIDE AGREED
### CLAIM CONSTRUCTION TERMS (ECF no. 35) & (ECF no. 54),
### VACATING SUMMARY JUDGMENT AND REOPEN DISCOVERY

COMES NOW, the Plaintiff, IRREVOCABLE TRUST OF ANTHONY J. ANTONIOUS, by and through undersigned counsel, pursuant to hereby moves this Court for an Order setting aside any and all agreed claim construction terms, vacating the summary judgment, and reopening discovery for a limited period of time, extending the dates (1) for fact discovery; (2) for expert discovery; and (3) for Plaintiff to retain new counsel, and states as follows:

1.      On September 20, 2012, the Parties filed a Construction of Agreed Upon Claim Terms Pursuant to L. Pat. R. 4.3(a).  (ECF no. 35) and also related Opinion of (ECF no. 54) of January 8, 2014.

2.      Subsequently, fact discovery on this case closed on February 25, 2015 and Expert Discovery closed on May 7, 2015, approximately one year before Plaintiff's attorney suffered his most serious stroke.

3.      Counsel for Plaintiff suffered a major stroke incident within days of this Court's Opinion granting Nike's motion for Summary Judgment of Noninfringement (ECF no. 100).

4.      Patents are property subject to the protections of the Due Process.  *See Florida Prepaid Postsecondary Ed. Expense Bd. v. College Savings Bank*, 527 U.S. 627 (1999).  Plaintiff has not had an opportunity to fairly present evidence, arguments, valid claim construction due to health issues of Plaintiff's Counsel since the inception of this case.  *See Blonder-Tongue Laboratories, Inc. v. University of Ill. Foundation*, 402 U.S. 313, 329 (1971).  In *Florida Prepaid*, the state's infringement of patents and its use of sovereign immunity to deny patent owners compensation was found to be unconstitutional.  *Florida Prepaid Postsecondary Ed. Expense Bd.* at *527 U.S.* 640.  Similarly here, because of the past condition of Plaintiff's counsel since the inception of this case, Plaintiff has been denied due process under the law.  *See Id*.  Because Plaintiff did not agree to the constructed claim terms and the Court has not construed said terms, Plaintiff is deprived of its due process right to the exclusive right to make, use, and sell the invention or discovery for a limited period.  *Id.* at 653.

5.      Due process prohibits estopping Plaintiff from one or more existing adjudications of the identical issue which stand squarely against Plaintiff's position, namely a Joint Claim Construction (ECF no. 35) and also related Opinion of (ECF no. 54) of January 8, 2014 wherein Plaintiff Counsel's was suffering from an ongoing and persistent medical condition that rendered him unable to perform his job.

6.      Frequently amongst patients there is a lack of awareness for the subtle prodromal warnings of impending stroke.   Exhibit "A", Declaration of Nicholas D.A. Suite, M.D.[1]

7.      Dr. Suite has opined that a "[s]troke is a serious and sometimes fatal culmination of a process known as cerebral ischemia, which may be sudden, or ongoing (chronic) over a period of months to years."  Exhibit A.  In addition, "clinical manifestations of the events leading up to stroke include transient or even *sustained deficits in neurological function*, especially cognitive, motor, and sensory symptoms."  *Id.* (emphasis added). Dr. Suite further identifies that while preventive measures can be implemented, frequently (and as is the case here) "there is a lack of awareness of the subtle prodromal warnings of impending stroke.  *Id.*  "For the working patient, these warnings may manifest as decreased job performance and failure to competently complete tasks which previously would have been considered routine."  *Id.*  Patent infringement is considered by the courts to be one of the most complex areas of the law; far more difficult than "routine".

8.      Plaintiff's attorney suffered a stroke and other health issues in the instant case over a period of years, which led *inter alia* to the failure to properly conduct golf club testing as recommended by the Expert, Doug Winfield and to properly negotiate the definition of certain claim terms.[2]  *See* Exhibit "B", declaration of John Gillig.

9.      In addition, Plaintiff's attorney—due to his degraded medical condition—failed to properly conduct discovery or properly apply/agree to claim term definitions.  See Exhibits A-B.

10.      Mr. Winfield has stated that aerodynamic configuration should simply be defined as a configuration whereby air flows around the bottom surface.  Exhibit "C", Expert Report of

---

[1] Dr. Suite is a highly regarded Johns Hopkins educated, Cornell trained Board-certified Neurologist who did additional teaching and training at the University of Miami.

[2] A patent attorney as experienced as Plaintiff's would not, *in his right mind*, fail to conduct tests to prove elements that was made pursuant to any alleged agreement.

Plaintiff Under FRCP ¶ 10 (stating that the Nike SQ DYMO is an aerodynamic golf club head because "a groove of that size would affect the airflow").  A failure by the court to review the claim terminology, when such restriction was never intended by the Plaintiff is a clear due process violation.

11.     Based on Nike's wind testing, there is no dispute that air flows around the bottom surface and the c-shaped groove.  Nevertheless, because of Plaintiff's counsel's debilitating condition, neither Plaintiff, nor Plaintiff's expert was part of the claim construction process, despite Plaintiff's counsel past routine of counseling with client and its expert when defining claim terms.  *See* Exhibit B, p. 2.  In addition, Plaintiff's counsel has been unable to concentrate and instead mixed case strategy since the inception of this case.  Exhibit B.

12.     This Motion is supported by the attached affidavits of John Gillig and doctor Nicholas D.A. Suite, M.D.   Exhibits A-B.  This Motion is further supported by the Expert Testimony of Expert Doug Winfield.  (ECF no. 116, Exhibit B).

13.     New evidence, as described in detail above, is relevant and material to evidencing the aerodynamic configuration of Nike's infringing golf club.

14.     In light of the new evidence identified herein, Plaintiff has shown good cause; discovery should be reopened at least pursuant to Fed. R. Civ. P. 16, and the agreed construction of claim terms (ECF no. 35) and also related Opinion of (ECF no. 54) of January 8, 2014, should be set aside by this Court.

15.     Plaintiff further has good cause for the court to set aside the agreed claim terms to be renegotiated with subsequent legal counsel for the Plaintiff, and if an agreement cannot be reached, then for this Court to construe the claim terms.

16.     Reopening discovery in light of this new evidence would not unduly surprise or prejudice Defendant but instead serve to allow Plaintiff a fair opportunity to present its claim for crystal clear patent infringement particularly when view in terms of a substantially identical c-shaped groove.




17.     It would be unjust and unfair to punish Plaintiff for Plaintiff's Counsel's debilitating medical condition since the inception of the case.  Justice requires reopening discovery and setting aside the agreed claim terms, vacating summary judgment based on said claim construction and lack of evidence thereof and allow the parties to expediently resolve this case.

**WHEREFORE**, Plaintiff moves the Court for an Order that sets aside any and all agreed claim terms from the Joint Claim Construction (ECF no. 35), vacates the Order on Summary Judgment and reopens discovery for a period sufficient to allow Plaintiff to retain new counsel for additional fact discovery; (2) for expert discovery; and (3) for a new Markman hearing on any previously agreed claim terms.

Dated: 6/16/2016

MELVIN SILVERMAN

By: s/ Melvin K. Silverman
Melvin Silverman
M.K. Silverman & Associates, P.C.
1187 Main Avenue
Clifton, NJ 07011
Phone: (973) 508-5033
Fax: (954) 933-2852
E-mail: mks@mkspc.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

On June 16, 2016, the undersigned hereby certifies that a true and correct copy of the foregoing has been served on counsel for Defendant, identified below, via Electronic Mail pursuant to agreements of the parties.

Arnold B. Colemen, Esq.,         (abc@saiber.com)
Christopher Renk, Esq.           (crenk@bannerwitcoff.com)
Erick S. Maurer, Esq.            (emaurer@bannerrwitcoff.com)
Katherine A. Escanlar, Esq.,     (kae@saiber.com)
Michael J. Harris, Esq.,         (mharris@bannerwitcoff.com)
Victoria R. Webb, Esq.,          (vwebb@bannerwitcoff.com)

By: s/Melvin K. Silverman
MELVIN K. SILVERMAN