# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IRREVOCABLE TRUST of ANTHONY J. ANTONIOUS,** | Civil Action No. 11-cv-06327 (KM) |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| **NIKE, INC.** | |
| **Defendant.** | |

## MCNULTY, District Judge

I awarded summary judgment to the defendant, NIKE, Inc., after the close of fact and expert discovery in this patent case Now before the Court is Nike's motion for an award of attorney's fees pursuant to 35 U.S.C. § 285. (ECF no. 150) For the reasons expressed herein, the motion is DENIED.

The statute, 35 U.S.C. § 285, permits an award of attorney's fees to the prevailing party in a patent case that is "exceptional." An exceptional case is one "that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). The issue calls for an exercise of the court's discretion, based on the circumstances of the individual case. Factors to be considered include "frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1758.

## Procedural History

As I write solely for the parties, familiarity with the history of the matter is assumed. Here are the broad outlines.

This case was filed in 2011. On September 20, 2012, the parties, in keeping with our Local Rules for patent cases, filed a joint statement, identifying those patent terms agreed upon and those in dispute. (ECF no. 35)

One of the terms agreed upon was "aerodynamic configuration." The parties agreed that "aerodynamic configuration means an aerodynamically efficient configuration which minimizes turbulence, reduces drag, and increases laminar flow around the club head when swung." (ECF no. 35 at 8)

As to the other patent terms in dispute, I convened a *Markman* hearing on April 29, 2013, and construed them. (ECF nos. 54, 55) Fact discovery closed on February 25, 2015. (ECF no. 80) Expert discovery closed on May 7, 2015. (ECF no. 82)

NIKE then moved for summary judgment that it had not infringed. That motion focused on the single issue of whether NIKE's accused golf club heads possess the claimed "aerodynamic configuration." Construction of that term, recall, had been agreed upon in 2012, well in advance of the *Markman* hearing and the bulk of discovery in the case. I decided the motion as presented, granting summary judgment to NIKE. (ECF nos. 131, 140)

The Trust then filed a motion to reopen discovery and vacate summary judgment, which attempted to recast its experts' opinions and argued that certain ill-advised positions had been the result of counsel's illness.[1] I denied that motion. (ECF no. 146) Final judgment was entered on December 19, 2016. (ECF no. 148)

**Discussion**

The Trust has given NIKE much to work with in arguing that this was an exceptionally frivolous case. Its own experts appeared to concede the issue of "aerodynamic configuration," and their later attempts to backtrack were not persuasive. The Trust, after suffering setbacks, resorted to motions to amend

---

[1] That motion, filed with leave of the court, built on the Trust's belated "amended" summary judgment papers, which I did not consider on the original summary judgment motion. (ECF nos. 113, 114, 117)

2

or reconsider that can only be called frivolous. And I found the merits of the patent claim to be sorely lacking.

In short, frivolousness there was—but perfidy there was not. The Trust agreed at the outset to the construction of "aerodynamic configuration" that proved to be dispositive. The other construction issues on which it fought made little or no difference to the case. The Trust's experts, too, seemingly testified honestly in depositions to their views as to aerodynamic configuration, and NIKE's summary judgment motion relied heavily on those experts' statements.

I saw no evidence of untoward motives, apart from a plaintiff's generic motivation to obtain an award of damages. Nor is bad faith required to explain the plaintiff's pursuit of these claims. I do not say that the litigation was pursued unskillfully, but it may well have been underfunded. Another factor, if only a makeweight, is that the plaintiff is a trustee who may have felt a fiduciary duty to pursue the claims on behalf of heirs.

Deterrence of frivolous lawsuits is an important goal. Many have remarked on the asymmetric warfare that can be waged by a non-practicing patent holder with little to lose. I do not think, however, that the result here, after six years of litigation, would embolden others. Specific deterrence of the Trust, too, seems to of minimal concern. According to the affidavit of the plaintiff's trustee, the '754 patent is close to expiring, the Trust is close to bankruptcy, and it has no other assets aside from expired patents. (ECF no. 156-1) Nor is NIKE a defendant whose business has been impaired by the expenditure of attorney's fees, so compensation is not urgent, even assuming that an award of attorney's fees could be collected.

## ORDER

The defendant having filed a motion for attorney's fees (ECF no. 150); and the plaintiff having filed a response (ECF no. 156); and the defendant having filed a reply (ECF no. 160); and the defendant also having filed an unopposed motion (ECF no. 161) to seal parts of the supporting affidavit; for

the reasons expressed in the foregoing opinion, and good cause appearing therefor;

IT IS this 24th day of April, 2016,

ORDERED that the defendant's motion for an award of attorney's fees, pursuant to 35 U.S.C § 285 (ECF no. 150) is DENIED.

The motion to seal (ECF no. 161) is granted in a separate order.

KEVIN MCNULTY
United States District Judge